# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2393 | **DATE** | April 15, 2011 |
| **CASE TITLE** | Fredeal Truidalle (K-79979) v. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Malachi Israel's motion for leave to file his complaint *in forma pauperis* [3] is granted. However, the complaint is dismissed for failure to state a federal claim. The case is terminated. This dismissal of the complaint does not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Fredeal Truidalle (K-79979), currently confined at the Stateville Correctional Center, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Naming the Illinois Environmental Protection Agency Director and the Director of the Crest Hill Water Works, Plaintiff alleges that the water at Stateville is contaminated. Plaintiff asserts that Crest Hill has falsified records to indicate that there is no problem with Stateville's water. Plaintiff contends that a class-action case concerning water with certain radium levels was initiated and settled by Crest Hill residents, that tests reveal radium amounts approaching impermissible levels at the well head, and Plaintiff speculates that the water must be picking up additional contaminants from its travel from the well head to the prison. Plaintiff seeks for additional testing, bottled water, and money damages.

Plaintiff is unable to prepay the filing fee. The court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $6.60. The court authorizes the trust fund officer at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for payment of the filing fee, and Stateville authorities shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

# STATEMENT

Although plaintiff may proceed *in forma pauperis*, his complaint fails to raise a claim actionable in this court. Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint and dismiss it, if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true and liberally construing his complaint, the complaint fails to present a viable federal claim.

The Seventh Circuit has considered and rejected prisoner constitutional claims that the Joliet area's water contains dangerously high levels of radium and radon:

> Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if the harm was probabilistic or future rather than certain and immediate, *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). But failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not. *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993): *Steading v. Thompson*, 941 F.2d 498 (7th Cir. 1991): *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988); *Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir.1992) (en banc). Many Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans. *McNeil v. Lane*, supra, 16 F.3d at 125; *Givens v. Jones*, 900 F.2d 1229. 1234 (8th Cir. 1990).

*Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *see also Mejia v. McCann*, No. 08 C 4534, 2010 WL 5149273, *9 (N.D. Ill. 2010) (Conlon, J.) . "Unfortunately, it is a fact of life that the water in this region has high levels of radium and radon. Plaintiff has not, and surely cannot, suggest that prison officials have actually poisoned the water." *Mejia*, 2010 WL 5149273 at *9.

In light of *Carroll* and *Mejia*, Plaintiff has not presented a valid claim in this court. Accordingly, the court therefore dismisses the complaint. To the extent that Plaintiff's allegations support a state-law claim, he may seek to raise that claim in state court. The court does not issue a strike under 28 U.S.C. § 1915(g) for this dismissal, given that Plaintiff may have intended to file his claim his state court. The dismissal of this case in no way comments on the merits of Plaintiff's claims.

Plaintiff may appeal this dismissal by filing a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must submit a motion for leave to appeal *in forma pauperis*, which should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate a "strike" under 28 U.S.C. § 1915(g). The accumulation of three strikes will prevent plaintiff from filing a civil complaint or appeal without prepaying the filing fee, unless Plaintiff can demonstrate that he is imminent danger of serious bodily injury. § 1915(g).