Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2393 | **DATE** | June 2, 2011 |
| **CASE TITLE** | Fredeal Truidalle (K-79979) v. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider [5] is construed as a motion to alter or amend the Court's 4/15/11 order and is granted. The Court amends that order with this order. The Court clarifies that Fredeal Truidalle is the Plaintiff in this case and that, to the extent his complaint also asserts a claim of denial of his right to public records, such a claim is dismissed without prejudice to Plaintiff raising it in state court. All other aspects of the 4/15/11 order stand. This case remains closed.

■ [For further details see text below.]  Docketing to mail notices.

# STATEMENT

On April 15, 2011, this Court dismissed Plaintiff Fredeal Truidalle's complaint for failure to state a claim. Currently before the Court is Plaintiff's motion for reconsideration, which he filed within 28 days of the entering of the April 15th dismissal and which the Court construes as a motion to alter or amend the order under Fed. R. Civ. P. 59(e). For the following reasons, the Court grants the motion to alter or amend and amends the April 15, 2011, order with this order. Plaintiff's complaint remains dismissed.

Plaintiff, a Stateville Correctional Center inmate, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the Illinois Environmental Protection Agency ("IEPA") Director, the Crest Hill Water Works, and officials at Crest Hill Water Works. Plaintiff asserts that the water at Stateville contains unsafe levels of Radium. He alleges that he sought information about testing of the water from the IEPA and that Crest Hill tested the water only at the well and not at the point of consumption. (Complaint at 6-7.) According to Plaintiff, the Freedom of Information Act Coordinator at the IEPA provided Plaintiff with test results but never responded to Plaintiff's second request for there to be testing at the point of consumption at the prison. (*Id.* at 6.) Plaintiff further alleges that officials at Crest Hill have not tested the water at the point of consumption, and that the IEPA have not properly monitored Crest Hill's testing. (*Id.* at 7.)

On April 15, 2011, this Court granted Plaintiff *in forma pauperis* status but dismissed his complaint for failure to state a claim. The Court noted that the Seventh Circuit and this Court have rejected claims of contaminated water at Stateville based on radon or radium levels. *See Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *see also Mejia v. McCann*, No. 08 C 4534, 2010 WL 5149273, *9 (N.D. Ill. 2010) (Conlon, J.).

As pointed out by Plaintiff, a sentence in the order referred to Plaintiff by another name, for which the Court apologizes. Accordingly, the April 15, 2011, order is amended to clarify that Fredeal Truidalle is the Plaintiff in this case.
**(CONTINUED)**

isk

**STATEMENT**

Plaintiff further states that his allegations are not about the water at Stateville being contaminated but about his requests for information from the IEPA. Upon further review of the complaint, this Court still reads Plaintiff's complaint as asserting a challenge to the safety of the drinking water at Stateville. (*See* Complaint, 6-8.) For the reasons stated in the April 15, 2011, that claim fails to state a claim and remains dismissed. To the extent Plaintiff's complaint can be read to include a claim that the IEPA failed to comply with Plaintiff's request for information, such a claim does not provide a basis for a federal cause of action, but must instead be brought in state court. Plaintiff must seek to compel release of the state agency records in state court under the Illinois' Freedom of Information Act, 5 ILCS § 140/11 (1996). *Anderson v. Hardman,* No. 99 C 7282, 1999 WL 1270692, *2 (N.D.Ill. 1999) (Andersen, J.). The Federal Freedom of Information Act applies only to federal and not to state agencies. *Id.*; *see also Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2nd Cir. 1999).

Accordingly, to the extent that Plaintiff's complaint asserts an additional claim that his right to access to public records were violated, that claim is dismissed without prejudice to Plaintiff seeking relief in state court or whichever forum is provided for by the state.